**Opinion filed May 19, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00077-CV
_____

## IN THE MATTER OF CRAIG WHITE, A VEXATIOUS LITIGANT

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 1-2022**

## M E M O R A N D U M   O P I N I O N

Appellant, Craig White, has been declared to be a vexatious litigant and is subject to a prefiling order that prohibits him from filing new pro se litigation without obtaining permission from the appropriate local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 11.101(a), .102 (West 2017). In this appeal, Appellant attempts to appeal from an order in which the local administrative judge for Scurry County denied Appellant's request for permission to file new pro se litigation. We dismiss the appeal.

When the appeal was docketed in this court, we notified Appellant that the order from which he attempted to appeal did not appear to be an appealable order,

and we requested a response showing grounds to continue this appeal. In response, Appellant filed a motion to amend this proceeding and to classify it as an original mandamus proceeding rather than an appeal. We denied that motion.

Section 11.102(f) provides: "A decision of the appropriate local administrative judge . . . denying a litigant permission to file a litigation . . . is not grounds for appeal, except that the litigant may apply for a writ of mandamus with the court of appeals not later than the 30th day after the date of the decision. . . ." *Id.* § 11.102(f). We note that even if we had permitted Appellant to transform this appeal into a mandamus proceeding, the mandamus proceeding would not have been timely under Section 11.102(f) because Appellant's notice of appeal was filed more than thirty days after the date that the local administrative judge signed the order about which Appellant complains. Appellant did not file a timely application for a writ of mandamus, and he may not file a direct appeal of the local administrative judge's order denying Appellant's request for permission to file new pro se litigation. Therefore, this court lacks jurisdiction over this appeal. *See Harper v. State*, No. 01-18-00030-CV, 2018 WL 1954183, at *1 (Tex. App.—Houston [1st Dist.] Apr. 26, 2018, no pet.).

Consequently, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

May 19, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2